In the Matter of the Application and Petition of GEORGE J. GILLESPIE and Others, Constituting the Board of Water Supply of the City of New York, to Acquire Real Estate for and on Behalf of the City of New York under Title K of the Administrative Code of the City of New York (L. 1937, ch. 928) in the County of Ulster for the Purpose of Providing an Additional Supply of Pure and Wholesome Water for the Use of New York City. Delaware Section 7. Parcel 1337 (WILLIAM VAN DEMARK, Claimant). GEORGE J. GILLESPIE and Others, Constituting the Board of Water Supply of the City of New York, Appellants; WILLIAM VAN DEMARK, Respondent.— Appeal from an order of the Special Term, Supreme Court, Ulster County, confirming an award of $20,000 made by commissioners of appraisal to the claimant, William Van Demark, for the taking of property designated in this condemnation proceeding as Parcel 1337. The proceeding was instituted under title K of the Administrative Code of the City of New York. (Laws of 1937, chap. 929.) The evidence fully supports the order and award appealed from, which should be affirmed. Order appealed from and award unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.

MARTIN J. HOFFMAN, as Administrator, etc., of HARVEY J. HOFFMAN, Deceased, Respondent, v. BOSTON AND MAINE RAILROAD, Appellant. MARTIN J. HOFFMAN, as Administrator, etc., of ELLEN MARY HOFFMAN, Deceased, Respondent, v. BOSTON AND MAINE RAILROAD, Appellant.— Defendant has appealed from two judgments in favor of the plaintiff, each in the sum of $5,000. The actions were tried together and were brought to recover damages for the deaths of plaintiff's intestates, a son and daughter, who were killed on January 21, 1940, when an automobile in which they were riding was struck by one of defendant's passenger trains at a grade crossing at Eagle Bridge, Rensselaer county. The only question presented is whether or not defendant was negligent. There is evidence on which the jury could predicate a finding that defendant's gate tender was negligent in operating the gates at the crossing. Judgments affirmed, with one bill of costs to respondent. Hill, P. J., Crapser, Bliss and Heffernan, JJ., concur; Schenck, J., dissents.